[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11090
Non-Argument Calendar

_____

D. C. Docket No. 04-00461-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN JARIO ESCOBAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, John Jario Escobar appeals his 70-month sentence for possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). After review, we affirm.

As part of a sting operation, Escobar purchased ten kilograms of cocaine from an undercover agent. After Escobar was arrested, he admitted that he was going to be paid $1,500 per kilogram when he delivered the cocaine to a man known as Rogelio, and that if he had been successful, he would have made additional purchases of cocaine. Subsequently, Escobar pled guilty to possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

On appeal, Escobar does not contest his guilt.[1] Rather, Escobar contends that the district court committed clear error in refusing to grant him a minor-role adjustment of two levels pursuant to U.S.S.G. § 3B1.2(b).

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). In determining the defendant's role, the

_____

[1]Escobar was sentenced on February 18, 2005, after United States v. Booker, 125 S. Ct. 738 (2005). Escobar does not raise any Booker issues or assert that his sentence was unreasonable.

decision falls within the sound discretion of the district court: "a trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review." Id. at 945 (quotation marks and citation omitted).

In determining whether a minor-role adjustment is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." Id. at 940. In looking to relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941.

Although Escobar was purchasing drugs for another individual, he was held accountable only for the amount of drugs that he personally purchased from the undercover agent. When "relevant conduct is limited to [a defendant's] own act[s] . . . , a district court may legitimately conclude that the [defendant] played an important or essential role in the [purchase] of those drugs." Id. at 942-43. Additionally, ten kilograms of cocaine is a substantial amount of cocaine and "the amount of drugs [possessed] is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943.

While Escobar may have played a minor role in a larger conspiracy to purchase cocaine, he was held accountable only for the actual amount of cocaine he purchased from the undercover agent. Therefore, the fact that Escobar may have played a minor role in the larger conspiracy does not support a minor-role adjustment. Id. at 944 (When a defendant is held accountable for his own acts, "[t]he conduct of participants in any larger criminal conspiracy is irrelevant."). Accordingly, we conclude that the district court did not clearly err in denying Escobar a minor-role adjustment.

For all the above reasons, we affirm Escobar's 70-month sentence.

**AFFIRMED.**